**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTINE WEBSTER, an individual,

      Plaintiff,                  Case No.: 8:15-cv-01630-VMC-JSS

v.

LOWE'S HOME CENTERS, LLC, a
foreign limited liability company,

      Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, ENTRY OF
STIPULATED JUDGMENT, AND ORDER OF DISMISSAL WITH PREJUDICE**

      Plaintiff, Christine Webster, and Defendant, Lowe's Home Centers, LLC ("Lowe's")

(together, the "Parties"), hereby file this Joint Motion for Approval of Settlement Agreement,

Entry of Stipulated Judgment, and Order of Dismissal with Prejudice of Plaintiff's

Complaint. The executed Settlement Agreement between Plaintiff and Defendant is attached

to this Joint Motion.  In support of this Joint Motion, the Parties respectfully state as follows:

      In the Eleventh Circuit, a compromise of a Fair Labor Standards Act ("FLSA") claim

must either be supervised by the Secretary of Labor or must be approved by the District

Court.  *See Lynn's Food Stores, Inc., v. U.S.*, 679 F.2d 1350 (11th Cir. 1982).  To approve a

settlement, the court should determine that the compromise is a fair and reasonable resolution

of a bona fide dispute under the FLSA.  *Id*.  If the settlement terms meet this criteria, then the

court should approve the agreement in order to promote and further the policy of encouraging

settlement.  *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

The Parties negotiated a compromise settlement during a mediation session held on October 6, 2015 before Mark Hanley, Esq.  Both Parties and their respective counsel engaged in extensive settlement negotiations through Mr. Hanley.   The settlement reflected a compromise of Plaintiff's claims given the bona fide disputes about the merits of Plaintiff's claims and her damages calculations.

In her Complaint, Plaintiff claims that she was misclassified as an exempt employee.  She alleges that she worked approximately 30 hours of overtime each week (that she worked an average of 70 hours each week), and that she worked 40 weeks in the exempt position.  Based on her assumptions, Plaintiff sought damages of $26,874.00 (unliquidated).   In turn, Lowe's maintains that Plaintiff was properly classified under the outside sales exemption because her primary responsibility was to make sales and she performed a significant part of her sales responsibilities outside of the store.   During the mediation, Lowe's provided evidence that Plaintiff worked 35 weeks in the exempt position.   Lowe's also maintains, through declarations from her supervisors, that she worked an average of at most 45-50 hours per week.  Based on its assumptions, Lowe's maintains that Plaintiff's damages, if she were to prevail on her FLSA claims, would be approximately $5,880.00 (based on an average of 7.5 hours of overtime per week).

Plaintiff recognizes that there are real disputed issues as to whether she was "exempt" from overtime compensation during the period in question, and that there is no evidence of willfulness with respect to Lowe's classification of the position.   As such, Plaintiff

understands the risk that she may not have recovered any damages had this litigation continued.   For this reason, after extensive negotiations through Mr. Hanley, the Parties reached a settlement compromise entitling Plaintiff to an amount of $7,840.00, which represents 10 hours of overtime compensation for each of the 35 weeks she was classified as an exempt employee.

The settlement reached between the Parties also included an amount of $6,000.00 for attorney's fees and costs.  The Parties negotiated this amount separately from the amount to be paid to Plaintiff for the alleged FLSA violations.  That is, through Mr. Hanley, the Parties agreed to the amount to be paid to the Plaintiff individually and how that amount would be apportioned.  The Parties then negotiated and comprised the fees and costs requested by counsel for the Plaintiff.  The amount to be paid Plaintiff's counsel, then, did not affect the amount to be paid Plaintiff.

To avoid additional costs and the uncertainty of litigation, the Parties have agreed to the settlement amounts referenced in the attached executed Settlement Agreement.   The Parties believe that the amounts reflected in the Settlement Agreement are a fair compromise of a disputed FLSA claim—a compromise that was achieved after arm's length negotiations presided by an experienced mediator who is himself an FLSA expert.

WHEREFORE, the Parties respectfully request that this Court enter a Stipulated Judgment and Order: (1) approving the terms of the Settlement Agreement; and (2) dismissing this action with prejudice with the Court to retain jurisdiction to enforce the terms of the Agreement.

Dated October 16, 2015.

Respectfully submitted,

FELDMAN LAW GROUP PA
*Counsel for Plaintiff*
Westshore Center ("WSC")
1715 North Westshore Blvd., Suite 400
Tampa, Florida 33607
Tel:    (813) 639-9366
Fax:    (813) 639-9376

HUNTON & WILLIAMS LLP
*Counsel for Defendant*
Sabadell Financial Center
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Tel:    (305) 810-2500
Fax:    (305) 810-2460

By: /s/ Dennis A. Creed, III
        Dennis A. Creed, III
          Florida Bar No. 0043618
          *dcreed@ffmlawgroup.com*
        Joseph Odato, Esq.
          Florida Bar No. 86201
          *jodato@ffmlawgroup.com*

By: /s/  Juan C. Enjamio
        Juan C. Enjamio
          Florida Bar No. 571910
          *jenjamio@hunton.com*
        Anna Lazarus
          Florida Bar No. 41337
          *alazarus@hunton.com*

4