UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE WEBSTER,

    Plaintiff,

v.                        Case No. 8:15-cv-1630-T-33JSS

LOWE'S HOME CENTERS, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval of Settlement Agreement, Entry of Stipulated Judgment, and for Order of Dismissal with Prejudice (Doc. # 19), which was filed on October 16, 2015. The Court grants the Motion.

**I.  Background**

Christine Webster filed a Complaint under the Fair Labor Standards Act against her employer, Lowe's Home Centers, LLC on July 13, 2015. (Doc. # 1). On July 31, 2015, the Court issued its FLSA Scheduling Order (Doc. # 6) and Order referring the case to mediation (Doc. # 7). Lowe's filed its answer and affirmative defenses (Doc. # 12) on August 24, 2015. Webster responded to the Court's Interrogatories (Doc. # 13) on August 31, 2015, and Lowe's filed its Verified Summary (Doc. # 14) on September 15, 2015. Thereafter, on October 7, 2015, the mediator reported that the case settled at mediation. (Doc. # 16). At the Court's direction, the

parties seek Court approval of the settlement.

## II. <u>Analysis</u>

Webster alleges that Lowe's violated the overtime provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Webster will receive $7,840.00 for unpaid wages and her counsel will receive $6,000.00 in attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to Webster's counsel were negotiated separately and without regard to the amount to be paid to Webster for alleged FLSA violations. (Doc. # 19 at 3). Pursuant to <u>Bonetti v. Embarq Management Company</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair

---

[1] In <u>Bonetti</u>, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his

2

on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Approval of Settlement Agreement, Entry of Stipulated Judgment, and for Order of Dismissal with Prejudice (Doc. # 19) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Court declines to retain jurisdiction over this case to enforce the terms of the settlement.

(4) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of October, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.